IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY JOSEPH HAAG                                                                          PETITIONER
ADC #141760

v.                                                    5:10-cv-00370-JMM-JJV

RAY HOBBS, Director,                                                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Petitioner, Rodney Joseph Haag, an inmate in the North Central Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2).

**I.   BACKGROUND**

On October 24, 2007, Mr. Haag entered a negotiated plea of guilty in Sebastian County Circuit Court to one count of sexual assault in the second degree in case number CR 2007-103. (Doc. 7-1, Ex. A). He was sentenced to sixty (60) months suspended sentence and 24 months probation. (*Id*.). The judgment and commitment order was entered on October 30, 2007. (*Id*.).

On February 28, 2008, the State of Arkansas filed a petition to revoke and/or show cause seeking to revoke Mr. Haag's probation based upon his arrest for public intoxication, his failure to report for scheduled visits to the probation office, his failure to report for substance abuse counseling, his failure to register as a sex offender, and his failure to attend and complete sex offender therapy in case number CR 2007-103. (Doc. No. 7-2, Ex. B). Mr. Haag plead no contest to the revocation on April 23, 2008. (Doc. No. 7-3, Ex. C). He was sentenced to sixty (60) months imprisonment to be followed by 180 months suspended imposition of sentence. (*Id*.). The judgment and commitment order was entered on April 29, 2008. (*Id*.).

Mr. Haag was paroled on March 3, 2009. (Doc. No. 7-4, Ex. D). The State of Arkansas filed a petition to revoke and/or show cause on May 11, 2009, charging that Mr. Haag failed to comply with the reporting requirements of the sex offender registry. (Doc. No. 7-5, Ex. E). On June 3, 2009, Mr. Haag entered a negotiated plea of guilty to one count of failure to comply with the reporting requirements for sex and child offense registration act in case number CR 2009-631. (Doc. No. 7-6, Ex. F). He was sentenced to twenty-four (24) months imprisonment followed by ninety-six (96) months suspended imposition of sentence. (*Id.*). As a result of Mr. Haag's guilty plea, the State of Arkansas withdrew its petition to revoke and/or show cause filed on March 3, 2009. (Doc. No. 7-7, Ex. G).

In both cases, CR 2007-103 and CR 2009-631, Mr. Haag filed motions for credit for time spent in custody. (Doc. No. 7-8 and 7-10, Exs. H, J). In case number CR 2007-103, Mr. Haag argued that the court did not credit him the time spent in custody from May 7, 2008, to September 12, 2008. (Doc. No. 7-8, Ex. H). However, he only sought two days credit against his sentence. (*Id.*). On January 16, 2009, the Sebastian County Circuit Court denied Mr. Haag's motion by stating that Mr. Haag has already been given the two day credit. (Doc. No. 7-9, Ex. I). In case number CR 2009-631, Mr. Haag argued that he was entitled to credit from April 4, 2009, to September 10, 2009, or 158 days. (Doc. No. 7-10, Ex. J). The Sebastian County Circuit Court denied Mr. Haag's motion on September 23, 2010. (Doc. No. 7-11, Ex. K).

Mr. Haag filed the instant Petition for Writ of Habeas Corpus (Petition) on December 27, 2010. (Doc. No. 2). In his Petition, Mr. Haag appears to be arguing that the ADC has miscalculated his parole eligibility date.[1] The Respondent contends that Mr. Haag's claim is not cognizable in a

---

[1] Petitioner's claims are difficult to discern. (Doc. No. 2). If Mr. Haag believes the Court has misconstrued his Petition, he should clarify by stating the true nature of his claim in his objections to this Recommended Disposition.

3

federal habeas action because "the Arkansas parole statutes that apply to Haag do not create a liberty interest in early release from confinement." (Doc. No. 6).

**II.   DISCUSSION**

In order to obtain relief under 28 U.S.C. § 2254, a petitioner must prove that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Fourteenth Amendment to the United States Constitution provides, in part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Protected liberty interests under the Fourteenth Amendment may arise from the Due Process Clause itself or from State laws." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996).

The United States Constitution does not provide a prisoner with a liberty interest in a reduced sentence, and the Supreme Court of the United States has held that a convicted person does not have a constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest).

In establishing a parole system, a state may create a liberty interest that is protectible under the Fourteenth Amendment. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1 (1979); *see Board of Pardons v. Allen*, 482 U.S. 369, 373-81 (1987). However, nothing in the Arkansas parole statutes creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir.1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979). When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified

by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Because Mr. Haag has no federal or state liberty interest in the possibility of obtaining parole, he is not entitled to habeas relief and his claim should be dismissed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Haag's § 2254 petition (Doc. No. 2) should be DISMISSED and the requested relief be DENIED;

2. A certificate of appealability should be denied[2]; and

3. All other pending motions should be denied as moot.

IT IS SO ORDERED this 15th day of March, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Pursuant to 28 U.S.C. § 2253 and Rule 11 of the RULES GOVERNING SECTION 2554 CASES IN THE UNITED STATES DISTRICT COURT, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Haag has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.

5